# EXHIBIT C

# WOODARD, EMHARDT, HENRY, REEVES & WAGNER, LLP

**Make your ideas *untouchable*.**®
uspatent.com

April 14, 2026

BLAKE R. HARTZ
bhartz@uspatent.com
(317) 634-3456

***VIA EMAIL ONLY***

Sailesh Patel

ArentFox Schiff LLP

233 South Wacker Drive, Suite 7100

Chicago, IL 60606

> RE:   *SIG Sauer v. Springfield*, No. 4:21-cv-04085-SLD-RLH
>        Deposition Subpoena of Ross K. Krutsinger

Dear Sal:

Thank you for speaking with us yesterday. We are writing concerning your statements that Mr. Krutsinger and/or SIG Sauer may move to quash Mr. Krutsinger's subpoena.

It is common practice to depose a prosecuting attorney in a patent litigation, particularly when their testimony is integral to a claim or defense in the case or a defense which may reasonably be raised. No other means exist for Defendant to get the information possessed by Mr. Krutsinger, as Mr. Krutsinger was lead patent counsel during prosecution and has information regarding the prosecution history, prior art presented to the USPTO, as well as documents filed with the USPTO on behalf of SIG Sauer. *See Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340 (S.D.N.Y. 2002) (denying motion for protective order seeking to quash a subpoena and precluding the deposition of the lawyer responsible for the prosecution of the patent-in-suit). In that case, the court allowed deposition of the prosecuting attorney for a patent filed twenty years in the past. In the present lawsuit, the patents were prepared much more recently and Mr. Krutsinger is likely to possess relevant information to the lawsuit.

It does not matter that the Court has not ruled on Springfield's motion for leave to assert inequitable conduct as a defense. Indeed, it is often the case that certain facts suggesting plausible defenses are not discovered until after discovery has been taken. "In light of the heightened standards of pleading and proof for inequitable conduct claims, district courts have routinely found it reasonable for patent challengers to delay raising allegations of inequitable conduct until substantial discovery has been conducted enabling the challenger to confirm its suspicions." *Dynatemp Int'l, Inc. v. R421A, LLC*, 672 F. Supp. 3d 87, 102 (E.D.N.C. 2023). In *Dynatemp*, the parties deposed the prosecuting attorneys prior to seeking leave to add inequitable conduct as an affirmative defense. *See also Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487-88 (D. Del. 2003) (concluding that although facts underlying inequitable conduct claims were available to defendant in the public prosecution history of the patent, defendant "was prudent and possibly required to confirm the factual allegations through discovery" because the Rule 9(b) "pleading with particularity" requirement was implicated); *Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*, 762 F. Supp. 2d 1152, 1155 (D. Minn. 2011), (recognizing that even if some underlying facts pertaining to inequitable conduct are available to Defendant, it is prudent to confirm such facts through discovery because of the Rule 9(b) pleading requirement); *Lipocine Inc. v. Clarus Therapeutics, Inc.*, No. 19-622 (WCB), 2020 LX

Sailesh Patel                                                                          April 14, 2026
ArentFox Schiff LLP                                                                            Page 2

34256, at *11 (D. Del. Aug. 18, 2020) ("As in those cases, it would not be reasonable to require that [Defendant] have sought leave to add its inequitable conduct claims before the end of fact discovery, which concluded with the depositions of the inventors and representatives of [Plaintiff]").

        Additionally, asserting that Mr. Krutsinger possesses privileged information is not a dispositive notion upon which Mr. Krutsinger's deposition may be refused. In *Alcon Labs*, the prosecuting attorney submitted a declaration that he did not remember any non-privileged information and the court still compelled his deposition. *Alcon Labs* 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002). "[T]here is a basis . . . for the position that an attorney cannot avoid a deposition by asserting that he or she has no relevant, nonprivileged information, and that at a minimum, the attorney must submit to a deposition so that his lack of knowledge may be tested and any claimed privilege placed on the record." *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*,125 F.R.D. 578, 594 (N.D.N.Y. 1989).

        Of course, Mr. Krutsinger's testimony is highly relevant to the enforceability issues and courts have rejected motions to quash subpoenas for the deposition of a prosecuting attorney. *Ed Tobergte Assocs. Co. v. Russell Brands, Ltd. Liab. Co.*, 259 F.R.D. 550, 559 (D. Kan. 2009) ("Because the knowledge and actions of that attorney are chargeable to the applicant, his or her knowledge and mental state are highly relevant to showing any intent to deceive or mislead the USPTO into issuing the patent."); *see also Plymouth Indus., LLC v. Sioux Steel Co.*, 2006 U.S. Dist. LEXIS 14706, at *4 (D. Neb. Mar. 17, 2006) ("Because of his role in the prosecution of [plaintiff's] patents, I am persuaded that [counsel's] deposition is crucial to [defendant's] inequitable conduct defense."); *Genal Strap, Inc. v. Dar*, No. CV 2004-1691 (SJ) (MDG), 2006 U.S. Dist. LEXIS 11474, at *4 (E.D.N.Y. Mar. 3, 2006), at *2 ("because of his role in the patent prosecution, [counsel's] deposition is crucial to [defendant's] inequitable conduct defense").

        Defendant requests Plaintiff to comply with the subpoena to Ross Krutsinger. As discussed yesterday, we would prefer confirmation of whether you will be moving to quash by Friday, April 17.


Sincerely,

*s/Blake R. Hartz/*

Blake R. Hartz

Counsel for Springfield

cc:     Counsel of Record

#3599583